UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JOHN J. MCCARTHY,
    Petitioner

    V.                      PRISONER
                      Case No. 3:09CV2106(PCD)

WARDEN FCI FLORENCE,
    Respondent

## RULING PENDING MOTIONS

The petitioner was an inmate confined at the Federal Correctional Institution in Florence, Colorado when he filed an amended habeas petition pursuant to 28 U.S.C. § 2241 challenging an April 1994 Connecticut sentence and his January 1994 federal sentence in the United States District Court for the District of Colorado. *See McCarthy v. Warden, FCI Florence*, Civil Action No. 1:09-cv-2592-ZLW (Amended Pet. Writ of Habeas Corpus, Doc. No. 3.) On December 15, 2009, the Honorable Zita Leeson Weinsheink, United States District Judge for the District of Colorado, construed the amended petition liberally to challenge the validity of petitioner's April 1994 Connecticut convictions and sentence and issued an order transferring the amended petition to this district. In response to this court's order to show cause, the respondent has moved to dismiss the amended petition. Petitioner has moved to default the respondent for failure to plead. For the reasons set forth below, the motion for default will be denied, motion to dismiss will be granted and the amended

petition will be dismissed.

## I.  Motion for Relief [Doc. No. 16]

Petitioner contends that the respondent has failed to timely respond to the amended petition for writ of habeas corpus. Pursuant to the court's order to show cause, respondent was to file a memorandum in response to the amended petition by February 1, 2010.  Respondent filed a motion to dismiss the amended petition on February 19, 2010.  On February 24, 2010, the court granted respondent's motion for extension of time *nunc pro tunc* until February 19, 2010, to file a response to the amended petition.  Accordingly, the respondent is not in default.  The motion for relief seeking to default respondent for failure to respond to the amended petition in a timely manner is denied.

## II. Motion to Dismiss [Doc. No. 12]

Respondent moves to dismiss the petition for writ of habeas corpus on three grounds.   Petitioner has filed a memorandum objecting to the grounds for dismissal.

### A.   Background

In late July 1992, Westport, Connecticut police officers arrested petitioner on burglary and larceny charges.  In December 1992, while petitioner was in the custody of the State of Connecticut facing state criminal charges, a grand jury in the United States District Court for the District of Connecticut indicted him on federal firearms charges.  *See McCarthy v. Doe*,

146 F.3d 118, 119 (2d Cir. 1998). On January 28, 1994, after a jury convicted petitioner in this court on two counts of possession of a firearm,[1] the late Judge T.F. Gilroy Daly sentenced petitioner to 235 months of imprisonment, followed by five years of supervised release. (*See id.*) The Judgment and Commitment Order did not indicate whether the federal sentence was to run concurrently to or consecutively with any future state sentence. After sentencing, the petitioner was returned to state custody. On April 11, 1995, the Court of Appeals for the Second Circuit affirmed the federal judgment of conviction and sentence. *See U.S. v. McCarthy*, 54 F.3d 51 (2d Cir. 1995).

On April 22, 1994, the petitioner entered guilty pleas to six counts in two Connecticut criminal cases: three counts of burglary in the third degree,[2] two counts of larceny in the first degree,[3] and one count of larceny in the second degree.[4] (*See* Mot. Dismiss, App. A, Transcript of State Court Plea and Sentencing Hearing on April 26, 1994.) A Connecticut Superior Court judge sentenced the petitioner to a total effective sentence of seven years of imprisonment to run concurrently with the petitioner's federal sentence. (See id.) Petitioner did not

---

[1] 18 U.S.C. §§ 922(g), 924(e).

[2] Conn. Gen. Stat. § 53a-103.

[3] Conn. Gen. Stat. § 53a-123.

[4] Conn. Gen. Stat. § 53a-122.

appeal this conviction.

In 1995, while the petitioner was still in Connecticut custody, he submitted a request to the "Bureau of Prisons [to] designate, *nunc pro tunc*, the state facility in which he was confined as a federal prison." *McCarthy*, 146 F.3d at 120. Petitioner sought this designation because it would have allowed him to serve his state and federal sentences concurrently. *See id.* The Bureau of Prisons subsequently denied the request. *See McCarthy v. Warden USP Leavenworth*, 168 Fed. Appx. 276, 277, 2006 WL 392118, at *1 (10th Cir. 2006).

**B. Discussion**

The amended petition includes two grounds for relief. In the first ground, petitioner claims that the Federal Bureau of Prisons failed to honor the terms of the sentence imposed by the Connecticut Superior Court judge court pursuant to his plea of guilty to burglary and larceny charges on April 26, 2004. Specifically, that the seven year Connecticut sentence was to be served concurrently to his 235 month federal sentence. In the second ground for relief, petitioner claims that his plea of guilty to the Connecticut charges was not made knowingly or voluntarily. Respondent argues that the petition should be dismissed because petitioner is no longer in custody pursuant to the April 1994 convictions and sentence he seeks to challenge. Petitioner objects to this argument.

### 1. Second Ground for Relief

A prerequisite to filing a petition for a writ of habeas corpus in federal court for relief from a state court conviction is that the petitioner be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254 (a); 28 U.S.C. § 2241 (c)(3). The Supreme Court has interpreted this language to require that the "petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed," *Maleng v. Cook*, 490 U.S. 488, 491-92 (1989) (citations omitted), or under a consecutive sentence imposed at the same time as the conviction or sentence under attack. *See Garlotte v. Fordice*, 515 U.S. 39, 41 (1995).

Petitioner is no longer in custody pursuant to the April 1994 convictions because the total effective sentence imposed for those convictions expired on February 5, 1999. Department of Correction officials released petitioner to federal authorities on April 6, 1999. (*See McCarthy*, 168 Fed. Appx. at 277, 2006 WL 392118, at *1 and Mot. Dismiss, App. B, State of Connecticut Dep't of Correction Records.) As such, the petitioner "cannot bring a federal habeas petition directed solely at those convictions." *Lackawanna County District Attorney*, 531 U.S. at 401. Because the petitioner is no longer in custody pursuant to the April 1994 convictions and sentence challenged in this amended petition, the court lacks jurisdiction to entertain the

5

claim regarding the voluntariness of the guilty plea. Accordingly, the motion to dismiss is granted as to the second ground of the amended petition.

### 2. First Ground for Relief

Although the District of Colorado has construed both claims in the amended petition as challenges to petitioner's April 1994 Connecticut convictions, it appears to this court that the first ground for relief is a challenge to the Bureau of Prison's execution of petitioner's federal sentence. Petitioner claims that the Bureau of Prisons has neglected to honor his seven year Connecticut sentence which was to be served concurrently with his federal sentence. In effect, petitioner claims that the Bureau of Prisons has failed to credit the time that he served in a Connecticut state prison towards the time he must serve in federal prison so that his Connecticut sentence will have been served concurrently with his federal sentence. This claim challenges the execution of petitioner's federal sentence.

Since the enactment of the Judiciary Act of 1789, the federal court in the district in which a prisoner is incarcerated has been authorized to issue a writ of habeas corpus if the prisoner was in custody under the authority of the United States. *See Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997). Today, this authority is codified at 28 U.S.C. § 2241(c)(3). Currently, a petition filed "pursuant to § 2241 generally

6

challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001)(citing Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir. 1997) (describing situations where a federal prisoner would properly file a section 2241 petition)).

Because petitioner challenges the computation of his federal sentence by the Bureau of Prisons in the first ground of his petition, it is properly raised in a petition filed pursuant to 28 U.S.C. § 2241. Section 2241 petitions, however, should be filed in the district where the petitioner is confined because the court issuing a writ of habeas corpus must have jurisdiction over the custodian of the petitioner. *See* 28 U.S.C. §§ 2241(a), 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 446-47 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.") (citation omitted).

Petitioner was confined in the Federal Correctional Institution in Florence Colorado when he filed this amended petition and named the Warden of FCI Florence as the respondent. This court lacks jurisdiction to issue a writ directed to the

7

custodian of prisoners in the Federal Correctional Institution in Florence, Colorado where petitioner was confined as of the date that he filed the amended petition. *See Braden v. 30th Judicial Circuit Ct. of Kentucky*, 410 U.S. 484, 494-495 (1973) (habeas jurisdiction requires "that the court issuing the writ have jurisdiction over the custodian"). Thus, ground one of the amended petition is dismissed for lack of jurisdiction.

Pursuant to 28 U.S.C. § 1631, a district court may transfer an action to another court with jurisdiction over the action, in the interest of justice. *See Liriano v. United States*, 95 F.3d 119, 122 (2d Cir. 1996) (noting that § 1631 was enacted to aid litigants confused about the proper forum for review); *Bolar v. Frank*, 938 F.2d 377, 378 (2d Cir. 1991) (holding that § 1631 authorizing transfer from a federal court without jurisdiction to a federal court with jurisdiction did not implicitly revoke inherent power to transfer case where venue was lacking). Because the petitioner has already filed a section 2241 habeas petition in the District of Colorado which raises the same claim, the court finds that it would not be in the interest of justice to transfer the claim raised in ground one of the current amended petition back to the District of Colorado. (*See McCarthy v. Warden*, USP Florence, Civil Action No. 08-cv-961 (REB) (Pets.

Writ of Habeas Corpus, (Docs. Nos. 3, 5)).[5]

## Conclusion

The Motion for Relief [**Doc. No. 16**] seeking to default the respondent for failure to respond to the amended petition for writ of habeas corpus is **DENIED**. The Motion to Dismiss [**Doc. No. 12**] is **GRANTED** as to the second ground of the amended petition and the first ground of the amended petition for a writ of habeas corpus is **DISMISSED** for lack of jurisdiction. Because the petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. In addition, any appeal taken from this order would not be taken in good faith. The Clerk is directed to enter judgment and close this case.

SO ORDERED this   21st   of    October   , 2010, at New Haven, Connecticut.

                                          /s/
                                        Peter C. Dorsey
                                        United States District Judge

---

[5] The court notes that the Bureau of Prisons Inmate Locator indicates that petitioner has been transferred to the United States Penitentiary in Lewisburg, Pennsylvania. Petitioner has not, however, notified this court of his transfer or current address. Even if he had notified the court of his current address, the court would not find it in the interest of justice to transfer ground one of the amended petition to the Middle District of Pennsylvania, the district in which the petitioner is now confined, because he has already filed a section 2241 petition in that district raising the same claim. (*See McCarthy v. Warden, USP Lewisburg*, Case No. 1:10-cv-1673 (WWC) (JAS) (Pet. Writ Habeas Corpus, Doc. No. 1.)